UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NILESH ENTERPRISES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-661-XR |
| | § | |
| LAWYERS TITLE INSURANCE CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON MOTION TO STRIKE EXHIBITS**

Plaintiff files objections and moves to strike exhibits to Defendant's Motion for Summary Judgment asking that the Court strike the exhibits and references to the exhibits in Defendant's motion for summary judgment. Pl.'s Objs. & Opposed Mot. to Strike" Exs. "C.6"& " "C.7" to Def.'s Mot. for Summ. J. (Aug. 5, 2009). (Docket Entry No. 32.) Having considered Plaintiff's motion, Defendant's response, and Plaintiff's reply, the Court DENIES Plaintiff's motion to strike exhibits C.6 and C.7.

**The Parties' Arguments**

As part of its motion for summary judgment, Defendant Lawyers Title Insurance Company ("Lawyers Title") included exhibits to a previous lawsuit that was originally filed against Plaintiff in the 150th District Court of Bexar County, Texas, and referenced them in its motion. Exhibit "C.6" is copy of the state court's order granting a party's application for temporary restraining order and exhibit "C.7" is a copy of the final judgment of lawsuit.

Plaintiff Nilesh Enterprises, Inc. ("Nilesh") argues that the order granting a temporary restraining order and its findings of fact are interlocutory and preliminary. Mot. at 2. Nilesh further

objects to the inclusion of the Final Judgment because it was not a party to the state court lawsuit at the time the final judgment was entered, it withdrew its evidence prior to the issuance of the judgment, it was not in privity with the remaining defendant, and the case involved different issues by not addressing the difference in damage or loss caused by the 1996 Covenant and the 1995 Covenant. Defendant responds that none of Plaintiff's arguments prevent Lawyers Title from using the state court proceedings to show what happened in the underlying proceedings, the issues litigated and decided in the proceeding, or the information available to Lawyers Title about the underlying proceeding when it decided Nilesh's claim.

## Analysis

A court may consider a previous state judicial proceeding for the limited purpose of showing that a previous proceeding occurred. *See, e.g., Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (allowing reference to previous proceeding for limited purpose of occurrence and not findings of fact); *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 372 n. 3 (5th Cir.1995) (no error in taking judicial notice of state-court orders).

Here, the Court recognizes Exhibits C.6 and C.7 for the limited purpose of establishing that a previous proceeding occurred related to this matter. Moreover, the Court can consider the information available to Lawyers Title about the underlying proceeding when it decided Nilesh's claim. As discussed in the Court's order regarding Defendant's motion for summary judgment, the previous proceeding has no collateral estoppel effect in this proceeding. The Court will review the exhibits for the sole purposes outlined above. The Court does not evaluate the exhibits "for other, broader purposes." *See Taylor*, 162 F.3d at 831.

**Conclusion**

As the Court is evaluating the evidence for limited purposes and not as a final disposition of the findings of fact, Plaintiff's motion to strike Defendant's exhibits C.6 and C.7 is hereby DENIED.

It is so ORDERED.

SIGNED this 16th day of September, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE