# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NILESH ENTERPRISES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-661-XR |
| | § | |
| LAWYERS TITLE INSURANCE CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER ON MOTION TO EXCLUDE TESTIMONY

On this date, the Court considered Defendant's motion to exclude the expert testimony of Roger A. Hayden, II and Brief In Support. (Docket Entry No. 50.). After reviewing Plaintiff's motion and reply and Defendant's response, Plaintiff's motion to exclude the expert testimony of Roger A. Hayden, II is DENIED.

## Background

Plaintiff Nilesh Enterprises, Inc. ("Nilesh") filed suit against Defendant Lawyers Title Insurance Company ("Lawyers Title") following Nilesh's involvement in a state court lawsuit in which a third party sought to enforce restrictive covenants against a lessee's use of Nilesh's property. The state court lawsuit involved the enforcement of two restrictive covenants on the property, one of which was covered by Lawyers Title. Nilesh filed a claim with Lawyers Title for the covered covenant and subsequently settled the state lawsuit. Nilesh then filed suit against Lawyers Title, alleging that the Defendant breached its contractual duties to defend and to indemnify the insured, that Lawyers Title was liable for extracontractual common law and statutory damages based in bad faith, and that Lawyers Title violated the Texas Deceptive Trade Practices Act.

**Expert Testimony**

On June 5, 2009, Nilesh designated Roger A. Hayden, II, as an expert witness to testify on the standard of care afforded by Lawyers Title to the insured, Nilesh, in their dealings regarding the covered property covenant and that the Defendant's actions constituted "bad faith." Mr. Hayden declares that he is prepared to testify on "title insurance generally" and "the development and role of title insurance in modern real estate transaction." Letter from Roger A. Hayden, II, to John C. Howell, Attorney for Nilesh 10 (June 5, 2009) (Pl.'s Resp. to Def.'s Mot. to Exclude Testimony of Roger A. Hayden, II ex. A (Aug. 26, 2009) [Docket Entry No. 57].).

**Arguments**

Defendant moves to strike the expert testimony of Hayden, arguing that he is unqualified, that his testimony offers improper legal opinions, that he offers subjective belief and speculation, that the testimony is unrealiable, and that testimony is irrelevant and prejudicial. (Def.'s Mot. to Exclude Testimony of Roger A. Hayden, II (Aug. 10, 2009) [Docket Entry No. 50].). Plaintiff responds that Defendant's arguments regarding Hayden's qualifications go toward the strength of his qualifications, his opinions are not legal opinions but his analysis focuses on mixed questions of law and fact, and that his opinions are reliable. (Resp.)

**Analysis**

Lawyers Title challenges Hayden's opinion as unreliable under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and Rule 702 of the Federal Rules of Evidence, the latter of which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an

> opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

The role of this Court is to serve as a "gate keeper," ensuring that an expert witness "'employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000) (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

Lawyers Title contends that Hayden is unqualified to provide expert testimony. "As long as some reasonable indication of qualifications is adduced, the court may admit the evidence without abdicating its gate-keeping function. After that, qualifications become an issue for the trier of fact rather than for the court in its gate-keeping capacity." *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 507 (5th Cir. 1999), *superseded by statute on other grounds as noted in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002). To demonstrate Hayden's qualifications, Nilesh shows that Hayden has experience in insurance claims adjustment, serving as a regional counsel for a national title insurer. (Resp. ex. B.) Moreover, Hayden has previous experience as counsel for a bank where he asserted claims under title insurance policies. (Resp. ex. C.) Here, Hayden's experience with the title insurance industry provides this Court with a "reasonable indication" of Hayden's qualifications.

With regard to the reliability of Hayden's testimony, he has evaluated the communications between the parties regarding their dispute and rendered his opinion based on his experience with title insurance policies. Specifically, the documentary evidence and affidavit of Mr. Hayden show that he fully apprised himself of the available documents available in this case—letters between the parties, e-mail communications, court documents, leases, and the covenants—to develop his opinion.

3

(*See* Resp. ex. B.) The list of documents evaluated by Hayden does not appear incomplete given the exhibits presented to this court. Moreover, there does not appear to be any other acceptable method that an expert such as Mr. Hayden would implement to develop a conclusion.

Likewise, testimony from an expert witness must be relevant. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002) ("[T]o be admissible under *Daubert*, [the witness's] testimony must not only be reliable, but also must be relevant to the issue [in question]."). Here, Plaintiff's expert witness will testify to the issues at hand in this case involving title insurance.

Rules 702 and 704 of the Federal Rules of Civil Procedure allow a district court to admit expert testimony to assist the trier of fact to understand evidence or determine an issue of fact, but "[n]either rule . . . permits an expert witness to offer conclusions of law." *C.P. Interests, Inc. v. Calif. Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001). The Court is mindful that Plaintiff's expert cannot provide testimony to offer conclusions of law. While Mr. Hayden will be allowed to testify regarding his experiences and assess the actions of the parties in this case, he will not be allowed to render final conclusions of law.

**Conclusion**

Defendant's motion to exclude Plaintiff's expert is hereby DENIED. Plaintiff's expert is allowed to testify, but is barred from providing conclusions of law. The Court is mindful of the Federal Rules of Evidence and deems Mr. Hayden's testimony relevant and not prejudicial, and will enforce the Federal Rules of Evidence as appropriate at trial.

It is so ORDERED.

SIGNED this 21st day of September, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE