IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NILESH ENTERPRISES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-661-XR |
| | § | |
| LAWYERS TITLE INSURANCE CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON COLLATERAL ESTOPPEL EFFECT OF STATE PROCEEDING AND MOTION FOR JUDICIAL NOTICE**

On this date, the Court considered Defendant's motions in limine no. 16, included in the document entitled Defendant's Motions in Limine (Docket Entry No. 73) and Defendant's Motion for Judicial Notice (Docket Entry No. 65). Having considered the motion, Plaintiff's response, and the supplemental briefing, Defendant's motion in limine no. 16 is DENIED and Defendant's motion for judicial notice is DENIED.

**Background**

On March 29, 2007, Plaintiff Nilesh Enterprises, Inc., ("Nilesh") obtained an Owner's Policy of Title Insurance ("Policy") issued by Defendant Lawyers Title Insurance Corporation ("Lawyers Title"). Defendant's policy insured Nilesh's title to property located in San Antonio, Bexar County, Texas, as identified in Schedule A ("Property") of the Policy. At that time, the Property was subject to two sets of restrictive covenants that affected the Property: (1) Second Amended and Restated Exposition Plaza Declaration of Restrictive Covenants[1] ("1995 Covenant") and (2) Declaration of

---

[1] Bexar County, Texas, Deed Records, vol. 6595, pages 1862–82 (Nov. 13, 1995).

Restrictive Covenants[2] ("1996 Covenant"). The 1995 Covenant restricts use of the Property "so long as such purpose does not involve any product or entertainment appealing to prurient interests." 1995 Covenant art. 2, §3. The 1996 Covenant states that the "Property shall be developed and used only for restaurant (which may include the sale of alcoholic beverages and "take out" service) or hotel purposes . . . ." 1996 Covenant art. 2, § 1.

On August 17, 2007, Nilesh leased the Property to Airport Restaurants, Inc., and its sublessee, B Rock, Inc., d/b/a Boobie Rock VI ("B Rock"), a "restaurant offering gentlemen's entertainment." On October 16, 2007, EOS Acquisitions II, LLC, a neighboring property owner, filed suit in state court against B Rock and Nilesh for injunctive relief, claiming that the 1995 and 1996 Covenants prohibited B Rock's planned use of the Property. *See EOS Acquisitions II, LLC v. B Rock, Inc.*, No. 2007-CI-15677 (150th Dist. Ct., Bexar County, Tex. Oct. 16, 2007). Nilesh settled with EOS prior to trial. As part of the Settlement Agreement, Nilesh agreed to pay $150,000 to EOS for attorneys' fees and to execute a new restrictive covenant that barred a list of "adult entertainment establishment[s]" from operating on the property ("2008 Covenant").[3] Nilesh withdrew its pleadings and evidence, but B Rock continued to defend the lawsuit. The state court granted the EOS's motions for summary judgment, finding that B Rock's intended use violated the 1995 and 1996 covenants.

**Procedural History**

Nilesh filed suit against Lawyers Title in the 166th District Court of Bexar County, Texas,

---

[2]Bexar County, Texas, Deed Records, vol. 647, pages 624–43 (Jan. 15, 1996).

[3]Compromise Settlement and Mutual Release Agreement, EOS Acquisitions II, LLC, Nilesh Enterprises, Inc. 2–3 (Apr. 14, 2008) (Mot. app. ex. B.6.).

on July 14, 2008. Lawyers Title removed the case to this Court on August 8, 2008, on the basis of diversity jurisdiction. Nilesh sued Lawyers Title asserting claims for breach of contract, alleging that Defendant failed to insure against loss or damage "by reason of any defect in encumbrance on title," failed to defend the Plaintiff, and failed to fulfill its duties upon notice of its claim; deceptive trade practices in violation of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE §§ 17.46, 17.50(a)(1)(A), (B)(3), (B)(4); unfair claims practices in violation of the Texas Insurance Code, TEX. INS. CODE §§ 541.051, .060, .061, 542.003; and breach of the duty of good faith and fair dealing. (Compl. ¶¶ 10–19.) In its order on Defendant's motion for summary judgment, the Court denied Defendant's motion on Plaintiff's breach of contract claim with the caveat that Plaintiff cannot pursue claims for litigation fees that accrued prior to notifying Lawyers Title that litigation involving the 1995 Covenants had commenced.[4] The Court granted Defendant's motion on Plaintiff's claims for breach of the duty of good faith and fair dealing and statutory claims under the Texas Insurance Code and Texas Deceptive Trade Practices Act.

In the order on the motion for summary judgment, the Court stated that Lawyers Title did not provide sufficient facts to show that the state court proceedings should be given collateral estoppel effect. Lawyers Title filed a motion that the Court take judicial notice of the proceedings in state court.[5] In preparation for trial, Lawyers Title submitted a motion in limine to prevent Nilesh, its attorneys, and its witnesses from referring or commenting about evidence that attempts to directly or indirectly dispute the finding of the state court in *EOS Acquisitions II, LLC v. B Rock, Inc.*[6]

---

[4]Order on Mot. for Summ. J., Sept. 16, 2009 (Docket Entry No. 62).

[5]Def.'s Mot. for Judicial Notice, Sept. 18, 2009 (Docket Entry No. 65).

[6]Def.'s Mot.s in Limine ¶ 16, Sept. 18, 2009 (Docket Entry No. 73).

Nilesh responded that the Court's order on summary judgment declared that the EOS litigation did not have collateral estoppel effect.[7] During a conference before the Court on September 24, 2009, the Court held the motion for judicial notice in abeyance to provide Nilesh adequate time to respond, reserved ruling on the motions in limine until the morning of trial, and allowing the parties to brief the preclusive effect of the final judgment rendered in the EOS lawsuit. Lawyers Title provided supplemental briefing[8] to which Nilesh responded.[9]

**A. Legal Standard**

Collateral estoppel is an affirmative defense for which defendant bears the burden of proof. *Blonder-Tongue Labs, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). The preclusive effect to be accorded a prior proceeding is a question of law. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 868 (5th Cir. 2000). If a state court issued the previous judgment, then the court must look to the law of that state to determine whether the judgment should be given preclusive effect. *In re Grober*, 100 F.3d 1195, 1201 (5th Cir. 1996). Under Texas law, collateral estoppel applies when an issue decided in the first action is actually litigated, essential to the prior judgment, and identical to an issue in a pending action; it does not require mutuality, but applies when the party against whom it is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Tex Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). A party seeking to invoke the doctrine of collateral estoppel must establish that (1) the facts sought to be litigated in

---

[7]Pl.'s Resp. to Def.'s Mot.s in Limine, Oct. 2, 2009 (Docket Entry No. 84).

[8]Def.'s Supplemental Brief in Support of Def.'s Mot.s in Limine, Sept. 30, 2009 (Docket Entry No. 81); Def.'s Reply to Pl.'s Resp., Oct. 23, 2009 (Docket Entry No. 87).

[9]Pl.'s Resp. to Def.'s Supplemental Brief in Support of Def.'s Mot.s in Limine, Oct. 9, 2009 (Docket Entry No. 85); Pl.'s Surreply to Def.'s Reply, Nov. 2, 2009 (Docket Entry No. 90).

the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action. *Garner v. Lehrer (In re Garner)*, 56 F.3d 677, 679 (5th Cir. 1995); *John G. and Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002). To satisfy the third prong, it is only necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801–02 (Tex. 1994). "[A]n issue has only been litigated, for purposes of collateral estoppel, if it was 'properly raised, submitted for determination, and determined.'" *Indemnity Ins. Co. v. City of Garland*, 258 S.W.3d 262, 270 (Tex. App.—Dallas 2008, no pet.) (quoting *French v. Gill,* 206 S.W.3d 737, 744 (Tex. App.—Texarkana 2006, no pet.) (citing Restatement (Second) of Judgments § 27 cmt. d (1982))).

**B. Analysis**

Nilesh argues that the Court already considered Lawyers Title's defense of collateral estoppel finding that the Defendant failed to conclusively establish two of the elements necessary to the defense. (Resp. to Supp. Briefing 2.) Nilesh overstates the Court's declaration. At the summary judgment stage, Lawyers Title did not present facts sufficient to establish that collateral estoppel was "warranted at th[at] point." (Order at 11–12.) The procedural posture of the case could have changed so that Nilesh's affirmative defense for collateral estoppel could be properly before the Court.

As previously noted, collateral estoppel is a nonjurisdictional affirmative defense. *See United Disaster Response, LLC v. Omni Pinnacle*, LLC, 511 F.3d 476, 482 (5th Cir. 2007) (citing 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 132.05[8](a) (3d ed. 1999)). Here, Lawyers

5

Title has not pled an affirmative defense of collateral estoppel.[10] Lawyers Title referred to the EOS lawsuit in its Motion for Summary Judgment in an attempt to utilize the state court judgment, stating: "[A]s found by the court in the EOS Lawsuit, the 1996 Covenants prohibit the use [proposed by B Rock] because (1) the Declarant, EOS, never approved that "retail use" in writing and (2) the Declarant, EOS, as demonstrated by the EOS Lawsuit, would not (and does not) approve use of the Property as a gentlemen's club." (Mot. for Summ. J. 13). By using the previous proceeding for its preclusive effect, Lawyers Title needed to present collateral estoppel as an affirmative defense. The Court noted, however, that "a motion for summary judgment is an appropriate vehicle for presenting prior judgments." 18 JAMES WM. MOORE ET AL., MOORE'S FED. PRACTICE ¶ 132.05[7] at 132–184 (3d ed. 2009); *see also United States v. Monkey*, 725 F.2d 1007, 1011 n.4 (5th Cir. 1984) (upholding summary judgment evaluation of previous court judgment). Based on the evidence provided by Lawyers Title, the Court could not grant preclusive effect to the state court proceedings.

Rather than seek leave to amend their answer to assert an affirmative defense of collateral estoppel or specifically identify collateral estoppel as its defense, Lawyers Title attempts to raise the issue in a motion for limine.[11] Generally, a party must plead collateral estoppel. *Cf. Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 281 (5th Cir. 2001) ("Generally, res judicata is an affirmative defense that must be pleaded, not raised *sua sponte*."). Although speaking directly about res judicata, rather than collateral estoppel, the Fifth Circuit Court of Appeals recognized two exceptions

---

[10]*See* Answer to 2d Am. Compl., April 7, 2009 (Docket Entry No. 21).

[11]Lawyers Title does not address the method in which it attempts to raise the issue of collateral estoppel: a motion in limine. Nilesh questions this action stating: "Defendant now attempts to resuscitate its estoppel defense under the guise of a supplemental brief in support of its pending Motion in Limine." (Pl.'s Resp. to Supp. Briefing 2).

to the general rule. "The first exception allows '[d]ismissal by the court *sua sponte* on res judicata grounds . . . in the interest of judicial economy where both actions were brought before the same court.' *Id.* (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)). The Fifth Circuit continued: "The second exception holds that 'where all of the relevant facts are contained in the record before us and all are uncontroverted, we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite our attention by technically correct and exact pleadings.'" *Id.* (quoting *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar.1981)).

Here, the preceding case was not before the U.S. District Court for the Western District of Texas. Therefore, the first exception does not apply. The second exception would allow the Court to consider the application of controlling rules of law to dispositive facts even though Lawyers Title's pleadings are not technically correct and exact. Moreover, via the supplemental briefing by the parties, the Court has been apprised of the relevant facts. The issue, however, is that the facts are not uncontroverted.

In the EOS lawsuit, Nilesh settled with EOS and withdrew all of its evidence prior to the state court's issuance of its final judgment. The state court memorialized this fact stating: "Because Nilesh and EOS have nonsuited their claims against each other, and the Court accepted as proper Nilesh's withdrawal of all evidence it had submitted as part of any Motion, Response or other paper, the Court finds all of Nilesh's Motions and/or Responses are moot." *EOS Acquisitions II, LLC v. B Rock Inc.*, No. 3470-072 (150th Dist. Ct., Bexar County, Tex. Apr. 22, 2008) (Final Judgment).[12]

---

[12]Under Texas law, "a decision on the merits, such as a summary judgment, however, is not vitiated" when a party non suits its case following summary judgment. *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995). "Once a judge announces a decision that adjudicates

7

Regardless of the procedural aspects of the state case, the substance of the state court's final judgment declared that Nilesh was no longer a party to the case and the responses that Nilesh had submitted had been withdrawn.[13]

Furthermore, at the time the state court rendered its judgment, B Rock was the only defendant remaining in the suit. "[G]enerally, parties are in privity for purposes of collateral estoppel when: (1) they control an action even if they are not parties to it; (2) their interests are represented by a party to the action; or (3) they are successors in interest, deriving their claims through a party to the prior action." *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 890 (Tex. 1998). There is no indication that Nilesh controlled, or could control, B Rock's defense of the lawsuit. Nilesh had terminated B Rock's lease prior to the disposition of the lawsuit, and as a result, B Rock had a different interest in the outcome of the lawsuit compared to Nilesh.[14] Finally, Nilesh is not a successor in interest to B Rock.

Ultimately, the parties present a close question. However, the implication of due process with collateral estoppel and in light of the disputed facts presented by the parties, the Court denies

---

a claim, that claim is no longer subject to the plaintiff's right to nonsuit. A nonsuit sought after such a judicial pronouncement results in a dismissal with prejudice as to the issues pronounced in favor of the defendant." *Id.* Here, the judicial pronouncement before the Court is the state court's judgment, which states that the state court "accepted as proper Nilesh's withdrawal of all evidence it had submitted as part of any Motion, Response or other paper, the Court finds all of Nilesh's Motions and/or Responses are moot."

[13] In support of its motion, Lawyers Title includes the e-mail communications of counsel in which counsel discusses the judge's rulings. The court is reluctant to declare that collateral estoppel applies based on communications when there is no official court document that would clarify the issue.

[14] "Privity cannot exist where the parties hold conflicting positions." *Fiallos v. Pagan-Lewis Motors, Inc.*, 147 S.W.3d 578, 585 (Tex. App.—Corpus Christi 2004, pet. denied)

Defendant's motion in limine no. 16.

There being no collateral estoppel effect, there is no need for the Court to take judicial notice of the pleadings or documents in the EOS lawsuit. The motion does not state the purpose for which the Defendant seeks to have the Court take notice of the documents, and the Court will not take notice of the materials requested by the Lawyers Title.

**Conclusion**

The Court DENIES Defendant's motion in limine no. 16 and DENIES Defendant's motion for judicial notice.

It is so ORDERED.

SIGNED this 24th day of February, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE