## UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NILESH ENTERPRISES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-08-CV-661-XR |
| | § | |
| LAWYERS TITLE INSURANCE | § | |
| CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER ON COSTS AND MOTION FOR ATTORNEY'S FEES

On this day, the Court considered Plaintiff's Bill of Costs (Docket Entry No. 136) and

Application for Attorney's Fees (Docket Entry No. 135).  Having considered the documents, the

relevant authority, counsel's detailed expense sheets, counsel's affidavit, and the relevant statutes

and case law, the Court GRANTS IN PART AND DENIES IN PART the bill and application.

### Background

Defendant Lawyers Title Insurance Corporation ("Lawyers Title") entered into a contract

with Plaintiff Nilesh Enterprises, Inc. ("Nilesh") to provide Nilesh with title insurance.  Nilesh sued

Lawyers Title alleging breach of contract, statutory violations, and common law bad faith.  The

Court granted summary judgment for Lawyers Title on Nilesh's statutory claims and bad faith.

However, Nilesh, in trial, proved there was a breach of contract by the Defendant.  As the prevailing

party, Nilesh moved to recover attorney's fees and costs.

### Procedural History

The Court conducted a jury trial on March 18, 2010, in which the jury found Defendant liable

for breach of contract and awarded Plaintiff $655,747.84 in damages.

On April 1, 2010, Plaintiff filed a Bill of Costs for $10,985.88[1] and an application for attorney's fees in the amount of $501,265.82.[2] Defendant then objected to Plaintiff's Bill of Costs on April 6, 2010, claiming that the $1,201.50 for video services for Stuart Johnston's deposition and the $4,878.07 for Nilesh's computer-assisted demonstrative aids are not recoverable expenses.[3] On April 15, 2010, Defendant responded to Plaintiff's application for attorney's fees.[4] Defendant objected (1) that Nilesh is only allowed to recover forty percent of the verdict; (2) that Plaintiff did not use billing judgment; (3) that the time entries were incomplete, vague, and excessive; (4) that Plaintiff cannot recover for clerical work; (5) that general litigation expenses are not recoverable; and (6) that Plaintiff is not permitted to recover for costs of expert witnesses.

On May 6, 2010, Plaintiff replied to Defendant's objections to the Bill of Costs as well as the application for attorney's fees.[5] Plaintiff denied all objections and argued that there should be an upward adjustment to the lodestar given the difficulty of the case and settlement negotiations.

---

[1]Bill of Costs, Apr. 1, 2010 (Docket Entry No. 136).

[2]Pl.'s Application for Award of Att'y's Fees, Apr. 1, 2010 (Docket Entry No. 135). Federal Rule of Civil Procedure 54(d) and Local Rule CV-7(i) establish the Court's deadline and procedures for making a claim for attorney fees. *See* FED. R. CIV. P. 54(d); L.R. CV-7(i) (W.D. Tex.). The Court finds that the motion is timely and complies with the requirements of Rule 54 and Local Rule CV-7(i).

[3]Objections to Pl.'s Bill of Costs, Apr. 6, 2010 (Docket Entry No. 139).

[4]Def.'s Resp. to Pl.'s Application for Award of Att'y's Fees, Apr. 15, 2010 (Docket Entry No. 140).

[5]Pl.'s Reply to Def.'s Objections to Pl.'s Bill of Costs, May 6, 2010 (Docket Entry No. 143); Pl.'s Reply to Def.'s Resp. to Pl.'s Application for Award of Att'y's Fees, May 6, 2010 (Docket Entry No. 144).

On May 24, 2010, Defendant replied to Plaintiff's reply simply restating its prior objections and challenging Plaintiff's disclosure of the settlement negotiations, asking the Court to strike them from consideration.[6]  On June 3, 2010, Plaintiff replied to this objection, citing case law that permitted this Court to review settlement negotiations.[7]

**Legal Standard**

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party."[8]  Section 1920 of Title 28 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d).[9]  Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in Section 1920.  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section

---

[6]Def.'s Sur-reply to Pl.'s Reply to Def.'s Resp. to Pl.'s Application for Award of Att'y's Fees, May 24, 2010 (Docket Entry No. 148).

[7]Pl.'s Resp. to Def.'s Sur-reply to Pl.'s Reply to Def.'s Resp. to Pl.'s Application for Award of Att'y's Fees, Jun. 3, 2010 (Docket Entry No. 153).

[8]FED. R. CIV. P. 54(d).

[9]*Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987).

3

1828 of this title.[10]

For attorney's fees, an award is governed by the same law that serves as the rule of decision for the substantive issues in the case.[11]   Texas law allows an award of attorney's fees if permitted by statute or allowed by contract.[12]   Texas statutes specifically allow for recovery of attorney's fees for breach of contract.[13]   This Court has examined the application of that statute in assessing an attorney's fee award:

> The award of reasonable attorneys' fees is mandatory under section 38.001 [of the Texas Civil Practice and Remedies Code] if the plaintiff prevails in his or her breach of contract claim and recovers damages.  *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603, 613 (5th Cir. 2000) (citing *Green Int'l Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)).  The trial court has the discretion to determine the appropriate amount of attorney's fees following a successful claim under section 38.001.  *Id.* at 613.  The Texas Civil Practice and Remedies Code provides a rebuttable presumption that usual and customary fees are reasonable.  TEX. CIV. PRAC. & REM. CODE § 38.003. The judge entertaining a motion for attorney's fees may take judicial notice of reasonable and customary fees, along with the case file. *Id.* § 38.004.[14]

The preferred method of computing a reasonable fee under Section 38.001 is the "lodestar"

---

[10]28 U.S.C. § 1920.

[11]*Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

[12]*Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 58 (Tex. 2008) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006)).

[13]  TEX. CIV. PRAC. & REM. CODE § 38.001(8).

[14]*Exp. Worldwide, Ltd. v. Alfred Knight*, SA-05-CA-647-XR, 2007 WL 1300468 (W.D. Tex. May 3, 2007).

4

method, or "the product of reasonable hours times a reasonable rate."[15]   Once the Court determines

the lodestar amount, the Court may then adjust the award based on the factors listed in *Johnson v.*

*Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  The Court may also adjust the award

of attorney's fees to follow the general guide of the contingent fee in the contract.[16]

**Analysis**

Plaintiff has filed both a Bill of Costs as well as an Application for Attorney's Fees.  Each

will be evaluated independently in this order.

**I.  Bill of Costs**

Nilesh seeks to recover costs incurred during the course of this trial under Section 1920.  The

Court grants Plaintiff's request as modified in the discussion below.  This Court will first address

Defendant's two objections and then complete a review of the other expenses since the Court cannot

award costs that are not authorized in the statute.[17]

**A.  Video Services for Stuart Johnston's Deposition**

Nilesh requests that the Court award the cost of both the video and paper transcript of Stuart

Johnston's deposition.  Lawyers Title objects to Plaintiff's request for costs on the video deposition

of Stuart Johnston.  Videotape deposition costs and deposition transcripts are both recoverable

---

[15]*Id.* (quoting *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761 (Tex. App.—Fort Worth 2005, no pet.)).

[16]*Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir. 2000).

[17]*Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)).

costs.[18]   However, the requesting party still bears the burden of showing that it was reasonably

obtained for use at trial,[19] and this Court does not typically award costs for the video transcript.[20]  A

video of Stuart Johnson's deposition was presented to the jury at trial.  Because the deposition was

reasonably obtained for use in the trial and the video was presented to the jury at trial, this Court will

award the cost of the video deposition.

**B.  Computer-Assisted Demonstrative Aids**

Defendant also objected to Plaintiff's request for expenses for the computer-assisted

demonstration materials used during trial.  These expenses are not included in Section 1920 and are

not recoverable.[21]   As they are for the convenience of the party, these costs are not recoverable

expenses and this Court will not award Plaintiff its requested $4,878.07.

**C.  Other Expenses**

*1.  Fees of the Clerk*

This case was removed from state court, and Nilesh seeks to have his state court filing fee

---

[18] *See S&D Trading Acad., LLC v. AAFIS, Inc.*, 336 Fed. App'x 443 (5th Cir. 2009) (noting that the Judicial Administration and Technical Amendments Act of 2008 amended section 1920(2) to permit a judge to tax as costs fees for "electronically recorded transcripts").

[19] *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) ("If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.").

[20] *See HEI Res. E. OMG Joint Venture v. S. Lavon Evans*, No. 5:07-CV-62, 2010 WL 536997 (S.D. Tex. Feb. 10, 2010) ("The undersigned will not allow [Defendant] to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic format.").

[21] *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *see also Capital Metro. Transp. Auth. v. Gillig Corp.*, No. A04CA-094-SS, 2005 WL 1241877, at * 3 (W.D. Tex. May 11, 2005) (expenses incurred in developing a computer-assisted multimedia presentation at trial are not recoverable).

paid.  This Court believes that reimbursing is appropriate, therefore, this Court finds the state court filing fee of $394.00 to be a reasonable cost for Fees of the Clerk.[22]

*2.  Fees for Service of Summons and Subpoena*

Additionally, Plaintiff seeks to recover $255.00 in fees for service of process and subpoena ($200.00 for witness Andrew Oliver and $55.00 for Lawyers Title).  This Court only permits taxing of costs for service of process so much as they do not exceed the cost of service by the Marshal.[23] The current cost of service is $55.00 so the Court will only permit the taxing of service on Lawyers Title and witness Andrew Oliver at $55.00 each.[24]

*3.  Fees for Printed or Electronically Recorded Transcripts*

The cost of the transcript for the depositions of Nilesh Patel (the principal of the Plaintiff corporation) and witnesses John Updegraff and Roger A. Hayden are appropriate except for the $5.00 delivery fee for Patel's deposition and the $40.00 delivery fee for Hayden's deposition, which this Court will deduct.[25]

*4.  Copies*

The Court is unable to award the cost of copies from Southwest Legal Solutions as counsel

---

[22]28 U.S.C. § 1920(1).

[23]*Denner v. Tex. Dept. of Criminal Justice*, No. SA-05-CA-184-XR, 2007 WL 294191, at *6 (W.D. Tex. Jan. 29, 2007).

[24]28 U.S.C. § 1920(2).

[25]*Jones v. White*, No. H-03-2286, 2007 WL 2427976, at *10 (S.D. Tex. Aug. 22, 2007) ("Delivery costs are generally not awarded without additional support in the record."); *Auto Wax Co. v. Mark V Prods., Inc.*, A3:99-CV-0982-M, 2002 WL 265091, at *5 (N.D. Tex. Feb. 22, 2002) ("[Section 1920] does not specifically allow recovery of courier or messenger costs.").

has not proven to the Court the necessity of these copies.[26]

*5. Witnesses*

Nilesh also seeks $1,728.33 for fees for witnesses.  Necessary expenses for witnesses who

appear at trial, including fees and travel expenses, are permissible.[27]  A court may assess costs for

journeys of more than 100 miles if there are special circumstances justifying the presence of the

witnesses at trial.[28]  In this case, Nilesh's requested amount includes costs for Roger Hayden ($80.50

in mileage, $873.10 in airfare from Maryland to Texas, and $527.50 in hotel and unitemized meal,

parking, and cab expenses) and Andrew Oliver ($87.23 in mileage from Austin, Texas, to San

Antonio, Texas) and fees for the days they were present ($40.00 each, 1 day for Oliver and 3 days

for Hayden).

> Under Section 1821(c)(1):
>
>> A witness who travels by common carrier shall be paid for the actual
>> expenses of travel on the basis of the means of transportation
>> reasonably utilized and the distance necessarily traveled to and from
>> such witness's residence by the shortest practical route in going to
>> and returning from the place of attendance.  Such a witness shall
>> utilize a common carrier at the most economical rate reasonably
>> available.  A receipt or other evidence of actual cost shall be

---

[26]*Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) ("Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation.").  Included in this category are copies made as part of discovery and the copies of documents filed with the court.  *NLFC, Inc., v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 762–63 (N.D. Ill. 1996).  Extra copies for the convenience of counsel are not considered necessary for these purposes and therefore not taxed as costs.  *Id.* at 763; s*ee also Haroco, Inc. v. American Nat'l Bank & Trust*, 38 F.3d 1429, 1441 (7th Cir.1994).

[27]28 U.S.C. § 1920(3); 28 U.S.C. § 1821; *Holmes*, 11 F.3d at 65.

[28]*Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1551–52 (5th Cir. 1984).

furnished.[29]

The Court is unclear how Nilesh calculated $80.50 in mileage costs of Mr. Hayden given that he traveled via airplane from Maryland to Texas. Moreover, this Court was able to locate a receipt of $873.10 to support the price of airfare. Nilesh has presented no evidence that this flight was provided by a common carrier at "the most economical rate reasonably available."[30] As such, this Court cannot award Mr. Hayden's flight expenses.

Under Section 1821(c)(2):

> A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed . . . for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.[31]

The 2010 reimbursement rate for privately owned vehicles when no government-owned automobile is available is $0.50 per mile.[32] However, Mr. Oliver's travel expense of $87.23 can be taxed since it was offered by his Proof of Service form on the second page of his subpoena and comports with the distance from Austin, Texas, to San Antonio, Texas.

Under Section 1821(b):

---

[29]28 U.S.C. § 1821(c)(1).

[30]*Id.* § 1821(c)(1).

[31]*Id.* § 1821(c)(2).

[32]*See* Federal Travel Regulation; Privately Owned Vehicle Mileage Reimbursement, 75 Fed. Reg. 790 (Jan. 6, 2010) (to be codified at 41 C.F.R. 301-10); GEN. SERVS. ADMIN., FTR AMENDMENT 2010-01; PRIVATELY OWNED VEHICLE MILEAGE REIMBURSEMENT (Jan. 6, 2009); GEN. SERVS. ADMIN., PRIVATELY OWNED VEHICLE (POV) MILEAGE REIMBURSEMENT RATES, http://www.gsa.gov/mileage.

> A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.[33]

Plaintiff asked for $40.00 per day for Mr. Hayden and Mr. Oliver. Mr. Hayden being present three days and Mr. Oliver being present one day permits Nilesh to recover the $160.00 sought.

The statute authorizes costs for lodging and subsistence "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day."[34] Mr. Hayden had to travel from Bethesda, Maryland, to San Antonio, Texas, and a two-night stay was required. Plaintiff has not itemized what constitutes "subsistence" in the Bill of Costs, however it appears to this Court that the only item that can be broken down and assumed to be properly covered is overnight lodging. Plaintiff has not properly itemized costs for food, parking and other recoverable expenses.

Costs for a witness's overnight lodging and expenses are limited to the "maximum *per diem* allowance prescribed by the Administrator of General Services . . . for official travel in the area of attendance by employees of the federal government."[35] The maximum *per diem* rate in 2010 (the year of the trial) for San Antonio, Texas, was $183.00 with a *per diem* lodging rate of $117.00 per night.[36] The *per diem* rate for lodging does not include taxes. The amount of taxes on that amount

---

[33]28 U.S.C. 1821(b).

[34]*Id.* § 1821(d)(1).

[35]*Id.* § 1821(d)(2).

[36]*See* 41 C.F.R. § 301-11.6 (2009) (referring to the web site maintained by the General Services Administration at http://www.gsa.gov/perdiem); Maximum Per Diem Rates for the Continental United States (CONUS), 74 Fed. Reg. 42,898 (Aug. 25, 2009); GEN. SERVS. ADMIN.,

can also be awarded as costs if proven by the movant.[37]  Regarding room rates, the Court is unable to award Plaintiff more than $117.00 for lodging per night.  As the Plaintiff has not proven the costs of taxes or itemized any further *per diem* expenses, this court can only award a total of $351.00 for three nights of lodging.  The total amount that this Court can tax to the defendant for fees for witnesses is $598.23.

## D.  Summary of Costs to be Taxed

The Clerk is ORDERED to tax costs in favor of Plaintiff and against Defendant as follows: (1) fees of the clerk in the amount of $394.00[38]; (2) fees for service of summons and subpoena in the amount of $110.00[39]; (3) fees for transcripts necessarily obtained for use in the case in the amount of $3,562.50[40]; and (4) fees for witnesses in the amount of $598.23[41] for a total of $4,270.73.

---

FTR PER DIEM BULLETIN 10-01, FEDERAL TRAVEL REGULATION FISCAL YEAR 2010 MAXIMUM PER DIEM RATES FOR THE CONTINENTAL UNITED STATES (CONUS) (Aug. 27, 2009); GEN. SERVS. ADMIN., PER DIEM RATES TEXAS-FY10, linked from http://www.gsa.gov/perdiem.

[37]*See Perry v. U.S. Dep't of Energy*, No. 05 C 3634, 2008 WL 161679, at *2 n.4 (N.D. Ill. June 14, 2008) (citing *Bone Shirt v. Hazeltine*, No. CIV. 01-3032-KES, 2006 WL 1788307, *9 (D.S.D. June 22, 2006); *Moncus v. Johanns*, No. 2:03CV416, 2006 WL 1180950, at *2 n.6 (M.D. Ala. May 2, 2006)).

[38]This is the cost of the filing fee and jury demand imposed by the District Clerk of Bexar County, Texas.

[39]This is the cost of service on Andrew Oliver and Lawyers Title at $55.00 each.

[40]This is the cost of the video of Stuart Johnson's deposition at $1,021.50; Stuart Johnson's deposition transcript at $1,065.50; Nilesh Patel's deposition transcript at $214.90 (excluding a $5.00 delivery fee); John Updegraff's deposition transcript at $605.80; and Roger Hayden's deposition transcript at $654.80 (excluding a $40.00 delivery fee).

[41]This is the cost for three nights of lodging for Roger Hayden at $351.00 ($117.00 per night); mileage expenses for Andrew Oliver for travel from Austin, Texas, to San Antonio, Texas, at $87.23; and reimbursement for witnesses at $160.00 ($40 for Andrew Oliver for one day and $40 for Roger Hayden for three days).

**II. Attorney's Fees**

Plaintiff also seeks to recover reasonable attorney's fees, requesting an amount of $437,015.82 from a judgment of $655,747.84, based upon Plaintiff's own lodestar calculation. This calculation is untenable under the factors presented in *Johnson* because of its significant variation from the contingent fee between counsel and his client, its disproportionate size compared to the judgment, and Plaintiff's incorrect calculation of the lodestar.[42]

In assessing an award of attorney's fees, the Court considers the following factors: (1) time and labor required for litigation; (2) the novelty of the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved in the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[43] Although Texas law is the rule of decision and governs this motion, this Court does not need to compare these factors and the similar factors laid out by the Texas Supreme Court since they are comparable.[44]

By Plaintiff's own admission, Nilesh's counsel handled this case on a contingent fee arrangement.[45] Although a customary contingent fee is not the only factor considered by the Court,

---

[42]*Johnson*, 488 F.2d at 717–19.

[43]*Id.*

[44]*Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000) ("Because Texas courts engage in similar analysis, it is not necessary to decide whether the *Johnson* factors control in Texas diversity cases.").

[45]Pl's Reply at 3.

in this case it yields a much more appropriate award. In this case, the contingent fee was to be 40%. The Court is willing to take judicial notice that 40% is a reasonable contingent fee for this type of case.[46]   The Court notes that Texas courts have upheld fee awards using presumptions where attorneys had a contingent fee arrangement.[47]   In this case, the contingent fee equation would be as follows:

*$655,747.84 (judgment) + $78,689.38 (pre-judgment interest) x 40% = $293,774.88.*

Using the factors the Fifth Circuit has deemed to be appropriate, this Court finds that an award that is 40% of the judgment received by the Plaintiff is much more appropriate than a 66.6% award in light of the amount involved and results obtained. An award of 66.6% of the judgment would be unreasonable and disproportionate. There must be some rational proportionality between the award and the judgment. Plaintiff also argued that this case was complex and required a great degree of skill. This Court agrees with Nilesh's contention that the case was complicated in its pre-trial matters and that is why this Court will enforce the 40% contingent fee rather than exercising a downward deviation as the Defendant requested.

Plaintiff attempted to conduct a similar calculation in its reply to Defendant's response.[48] Nilesh's calculation resulted in a significantly higher sum of $449,714.44. This is the result of a gross miscalculation by Plaintiff. In its equation, Nilesh adds its calculation of attorney's fees with the judgment and then claims to be entitled to 40% of the total. This is incorrect. The Plaintiff

---

[46]*Fluorine On Call, Ltd. v. Flourogas Ltd.*, 380 F.3d 849, 866–67 (5th Cir. 2004) ("In a proceeding before the court, the judge may take judicial notice of reasonable and customary fees . . . ."); *see also Laredo Indep. Sch. Dist. v. Trevino*, 25 S.W.3d 263 (Tex. App.—San Antonio 2000, pet. denied) (upholding a contingent fee of 40%).

[47]*Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002).

[48]Plaintiff's Reply at 3–4.

13

cannot bootstrap his attorney's fees by claiming that they are part of the judgment.

Under the traditional lodestar calculation, Defendant raised several objections regarding certain billing statements and a lack of billing judgment in the case. Lawyers Title claims that Plaintiff did not exercise appropriate billing judgment in the case, citing to numerous block billing statements and alleged incomplete, vague, and excessive time entries. Defendant also points to questionable clerical work performed by a paralegal as well as a number of expenses that are not charged to a fee paying client. Nilesh replied to the Lawyers Title's response, claiming that billing judgment was exercised, the paralegal's expertise was required in the work billed but recognizing some incorrect entries in billing statements. The Court feels that these issues do not have to be addressed since awarding of the contingent fee equitably deals with them.

Therefore, this Court finds that the reasonable attorney's fees in this case to be $293,774.88 given the factors laid out in *Johnson* and the facts before the Court.

### Conclusion

The Court finds the requested costs and fees, as modified, are reasonable. It is therefore ORDERED that Plaintiff is awarded $4,270.73 in costs, and $293,774.88 in attorney's fees.

It is so ORDERED.

SIGNED this 1st day of July, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE